# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

IVAN SALAZAR-LOPEZ, *et al.*,

Petitioners,

v.

MARKWAYNE MULLIN,[1] *et al.*,

Respondents.

Case No. 2:26-cv-00871-RFB-MDC

**ORDER ENFORCING (ECF NO. 8) CONDITIONAL WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Ivan Salazar-Lopez's (ECF No. 10) Emergency Motion to Enforce this Court's April 6, 2026 (ECF No. 8) Order Granting Petitioners[2] a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court finds Federal Respondents failed to comply with this Court's habeas Order as to Petitioner Salazar-Lopez. The Court therefore grants the Motion to Enforce and orders Petitioner's release on personal recognizance. The Court further enjoins Federal Respondents from re-detaining Petitioner without a pre-deprivation, constitutionally adequate bond hearing.

## I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Salazar-Lopez was unlawfully arrested and detained by ICE on February 24, 2026, pursuant to 8 U.S.C. § 1225(b)(2)(A). See Order Granting Writ of Habeas Corpus ("Order

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche, Acting Attorney General of the United States, is substituted for Respondent Pam Bondi.

[2] The other petitioner in this case, Pedro Ramirez-Dircio, was released from custody after having been granted bond at a hearing conducted pursuant to the Court's April 6, 2026 Order. See Joint Status Report as to Petitioner Ramirez-Dircio, ECF No. 13. The Court's reference to "Petitioner" in this instant order refers to Petitioner Ivan Salazar-Lopez.

Granting Writ") at 2, ECF No. 8. On April 6, 2026, this Court found Petitioner's detention without consideration for release on bond or conditional parole under § 1226(a) was unlawful under the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. See id. at 3–6. The Court ordered Respondents to provide Petitioner a "constitutionally adequate bond hearing" by April 10, 2026, "wherein the government must prove, by clear and convincing evidence, that each Petitioner's civil detention is justified by an individualized, constitutionally recognized interest—i.e., that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings" or immediately release him from detention on his own recognizance. Id. at 5, 7. The Court further ordered that if the Immigration Court granted Petitioner release on bond, Respondents were to immediately release him from custody, with an extended deadline of May 9, 2026, to satisfy any bond conditions. Id. at 8. The Court also ordered the Immigration Court to "create a contemporaneous record of the bond hearing that is available to Petitioner upon request." Id.

On April 9, 2026, a bond hearing was held before Immigration Judge ("IJ") Daugherty. See Supplement to Mot. to Enforce, Ex. 1, ECF No. 18-1 (May 14, 2026 IJ Bond Memorandum [hereinafter "Bond Memorandum"]). Despite acknowledging this Court's habeas Order, which specifically required *the government* to establish Petitioner's dangerousness or flight risk, the IJ repeatedly asserted that bond was denied based on a finding that *Petitioner* had not met *his burden* of disproving dangerousness to the community. Id. at 2 ("On 04/09/2026, the [Immigration] Court denied the [Petitioner's] request for release on bond, finding that he had not met his burden of proving that he is not a danger to the community given his pattern of driving under the influence of alcohol."), 5 ("[T]he burden of proof is on the [Petitioner] to demonstrate to the satisfaction of the Immigration Judge that release would not pose a danger to property or persons, and that the [Petitioner] is likely to appear for any future proceeding."). Specifically, it appears the IJ made this finding based on Petitioner's 2019 misdemeanor DUI conviction and 2026 arrest.

On April 10, 2026, Petitioner filed a Motion to Enforce the Court's judgment based on the IJ's failure to provide a bond hearing in compliance with this Court's Order. See generally ECF No. 10. The Motion became fully briefed on April 20, 2026, and a Motion to Expedite, Status

Report, and Supplement were filed the week of May 11, 2026. The Court's Order granting the Motion to Enforce follows.

## II.    DISCUSSION

### A.  Legal Standard

When this Court granted Petitioner a writ of habeas corpus, "it declare[d] in essence" that Petitioner was "being held in custody in violation of his constitutional (or other federal) Rights." Harvest v. Castro, 531 F.3d 737, 741 (9th Cir. 2008) (citing 28 U.S.C. § 2254(a)); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody[.]"). However, rather than the traditional remedy of "unconditional release from custody," this Court employed a conditional order of release, which afforded the government an opportunity to promptly "take[] some remedial action" or release Petitioner on personal recognizance. See Harvest, 531 F.3d at 741–42 (citing Wilkinson v. Dotson, 544 U.S. 74, 89 (2005) (Kennedy, J., dissenting) (describing the "common practice of granting a conditional writ," that is, "ordering that a State release the prisoner or else correct the constitutional error through a new hearing")).

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." Rose v. Guyer, 961 F.3d 1238, 1246 (9th Cir. 2020) (quoting Jensen v. Pollard, 924 F.3d 451, 454 (7th Cir. 2019); citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). If the government "failed to cure the constitutional error, *i.e.*, when it fails to comply with the order's conditions, . . . the conditional grant of habeas corpus *requires* the petitioner's release from custody." Id. (quoting Harvest, 531 F.3d at 750) (emphasis in original).

Upon the filing of a motion to enforce a conditional writ, "a district court must decide whether [the government] has complied with the remedy designed in the underlying habeas proceedings." Id. at 1246 (citing Jensen, 924 F.3d at 454–55). "This decision will in turn determine whether" the government "cured the constitutional violation adjudicated in the habeas proceeding or whether the petitioner is entitled to immediate release form his unconstitutional detention." Id. (citing Jensen, 924 F.3d at 454–55; Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006)).

- 3 -

### B. Jurisdiction

Although Federal Respondents do not challenge the Court's jurisdiction to review the IJ's bond determination for compliance with this Court's Order, the Court incorporates by reference its prior finding that it has jurisdiction to consider whether Petitioner's bond hearing and bond determination complied with due process and this Court's conditional Writ. Cruz Perez v. Blanche, No. 2:26-cv-00315-RFB-DJA, 2026 WL -------, at *6–7 (D. Nev. May 15, 2026).

### C. Administrative Exhaustion

Federal Respondents argue in opposition to the Motion to Enforce that the Court should require Petitioner to appeal the IJ's bond determination to the BIA before seeking relief from this Court. See Federal Respondent's Opposition at 2, ECF No. 15. Again, this Court has "authority to review compliance with its earlier order conditionally granting habeas relief." Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) (affirming a district court's finding that administrative exhaustion was required where the petitioner had not "demonstrated grounds for excusing the exhaustion requirement" and the district court concluded "the government 'complied exactly with this Court's Order' by affording a bond hearing before an immigration judge.'"). For the same reasons as those discussed in Cruz Perez, the Court finds that waiver of the exhaustion requirement is appropriate in this case; the Court incorporates its same findings and reasoning herein. Cruz Perez, No. 2:26-cv-00315-RFB-DJA, at *7–9.

### D. Compliance and Constitutional Adequacy of Petitioner's April 9, 2026 Bond Hearing

The Court finds the April 9, 2026 bond hearing clearly failed to comply with the Court's conditional writ, which required that a bond hearing be conducted by April 10, 2026, wherein the government would bear the burden of establishing Petitioner's dangerousness or flight risk through clear and convincing evidence, otherwise Petitioner was to be immediately release "from custody on his own recognizance." Order Granting Writ at 7. Although the IJ referenced the Court's habeas Order, he did not address the requirement that the burden be shifted *to the government* to establish that "Petitioner's civil detention is justified by an individualized, constitutionally recognized interest—*i.e.*, that his detention is necessary to prevent danger to the community or to ensure his

future appearance at removal proceedings." Id. at 5. To the contrary, the IJ repeatedly stated that the burden was on Petitioner to establish that he was not dangerous or a flight risk in the bond memorandum. See generally Bond Memorandum. Because the government obviously failed to comply with this Court's conditional writ, which required the government to bear the evidentiary burden at Petitioner's "constitutionally adequate" bond hearing by April 10, 2026, "or immediately release him from custody on his own recognizance[,]" Petitioner is entitled to release on personal recognizance, without a monetary bond condition. See Rose, 961 F.3d at 1246 (If the government "fails to cure the constitutional error, *i.e.*, when it fails to comply with the order's conditions, . . . the conditional grant of habeas corpus *requires* the petitioner's release from custody.").

In addition, counsel for Federal Respondents is admonished for submitting, and later relying upon in their Opposition to the instant Motion, a "joint" Status Report (ECF No. 14) that was filed by Federal Respondents, bore Petitioner's counsel's electronic signature, but contained language explicitly disputed by Petitioner's counsel in prior communications. Federal Respondents' counsel has not refuted this allegation, and the evidence submitted to this Court, see Email Correspondence Between Counsel, ECF No. 16-1) indicates that Federal Respondents knowingly filed a document bearing Petitioner's e-signature that contained language Petitioner's counsel explicitly disputed. Not only is it improper for Federal Respondents to use an unauthorized filing as a means of establishing supposed compliance to this Court, but it is *highly* improper to file a document bearing another attorney's electronic signature when that attorney did not authorize the contents therein. Federal Respondents' counsel is warned that future behavior of this nature may result in sanction.

### III.   CONCLUSION

Based on the foregoing **IT IS HEREBY ORDERED** that Petitioner's (ECF No. 10) Emergency Motion to Enforce is **GRANTED**. The Court enforces its judgment as follows:

**IT IS HEREBY ORDERED** Respondents **IMMEDIATELY RELEASE** Petitioner from ICE custody on **PERSONAL RECOGNIZANCE**, **BUT BY NO LATER** than **03:00 p.m. on May 21, 2026**. This means Respondents are **PROHIBITED** from imposing release conditions that

substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. All other directives in the Court's April 6, 2026 Order remain in full effect. If ICE/DHS imposes release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Petitioner's Motion to Expedite (ECF No. 17) is **DISMISSED as moot**.

**IT IS FURTHER ORDERED** Respondents must **INFORM** counsel for Petitioner of the anticipated date, time and location of Petitioner's release from detention **AS SOON AS PRACTICABLE**, and in any event, **AT LEAST TWO HOURS IN ADVANCE.** At minimum, counsel for Respondents must notify counsel for Petitioner as soon as Petitioner is released from the detention center and in transit to the ICE Field Office for processing.

**IT IS FURTHER ORDERED** Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE.** If ICE/DHS fails to do, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** that the parties must file a **JOINT STATUS REPORT** certifying Federal Respondents' full compliance with this Order by **May 25, 2026**. The status report shall (i.) confirm the date and time of Petitioner's release from detention in compliance with this Order and (ii.) confirm Respondents' compliance with this Court's directives concerning conditions of release.

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is kindly instructed to amend the docket to reflect the following substitution of Respondents: Todd Blanche, Acting Attorney General of the United States, is substituted for Respondent Pam Bondi.

**DATED:** May 20, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 6 -